JUSTICE LEAPHART
concurring in part and dissenting in part. ¶48 I concur in the Court’s Opinion with the exception of the holding on the question of requiring forfeiture of the cash bail to pay for restitution. The Court declines to address the State’s reliance on §46-18-202(l)(f), MCA, because the State ‘fails to present any legal argument or authority for its application to the case at bar.” I would not engage in such a draconian application of the Rule 23(a)(4), M.R.App.P., requirement that a brief contain contentions and reasons therefor. Notably, Rule 23(a)(4), M.R.App.P., states: ‘The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on.” (Emphasis added.) The statute cited by the State, §46-18- 202(l)(f), MCA, is clear on its face and is a sufficient authority in and of itself. It allows a sentencing judge to impose any of the enumerated restrictions, including ‘(f) any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society,” for example, restitution. It needs no further citation to authority. Irrespective of whether the Court agrees with the State’s argument, it is wrong to invoke Rule 23 and ignore the argument. Furthermore, I agree with the State’s argument that the statute allows the sentencing court discretion to impose restitution when it would advance the objectives of rehabilitation and protection of the victim. I would affirm the imposition of restitution.